**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

PARTHENIA DIS TICARET LIMITED SIRKETI,

Plaintiff,

-against-

KRON GROUP LLC, also known as KRON GLOBAL LLC,

Defendant.

---------------------------------------------------------------x

Case No. 1:26-cv-__________

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff PARTHENIA DIS TICARET LIMITED SIRKETI ("PARTHENIA" or "Plaintiff"), by its attorneys, BUSRA CUNDIOGLU, PLLC, for its Complaint against Defendant KRON GROUP LLC, also known as KRON GLOBAL LLC ("KRON" or "Defendant"), alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action to recover approximately $374,250.00 that PARTHENIA paid KRON in 2024 for Komatsu heavy machinery engines KRON never delivered.

2. KRON accepted the order, represented in writing that it would begin processing the order upon receipt of Plaintiff's initial payment, collected the full price, and for months assured PARTHENIA in writing that the engines were being prepared for shipment from Japan to the United States and that everything was proceeding according to plan. When delivery came due, however, KRON refused both to deliver and to refund, invoking United States export controls and sanctions it has never substantiated.

3. KRON went further. Positioning itself as though vested with governmental enforcement authority, KRON demanded that PARTHENIA pay a purported "penalty" equal to approximately two times the total payment and threatened to report PARTHENIA to United States authorities and to sue if the "penalty" went unpaid. No agreement, statute, or order supports the demand.

4. In more than a year of correspondence, KRON produced nothing: no agency determination, no license denial, no record of any notification to the Office of Foreign Assets Control ("OFAC") or the Bureau of Industry and Security ("BIS"), and no manufacturer, shipping, customs, or warehouse records for the engines. Its justifications for retaining Plaintiff's funds have shifted with each successive letter: a penalty, then liquidated damages, then security, then compensation for a breach it has never established. Upon information and belief, once PARTHENIA brought the matter to OFAC and BIS, KRON abandoned its accusations.

5. KRON retains Plaintiff's payment to this day. PARTHENIA sues for breach of contract, fraud, conversion, unjust enrichment, and money had and received, and for a declaration that no penalty is owed.

**THE PARTIES**

6. PARTHENIA is a limited liability company organized under the laws of the Republic of Turkiye, with its principal place of business in Ivedikkoy Mah. 1492 Cad. No: 17/B, Ic Kapi No: 35 Yenimahalle, Ankara, Turkiye. PARTHENIA trades in construction machinery, equipment, and parts.

7. Upon information and belief, KRON is a limited liability company organized under the laws of the State of New York, with its principal place of business at 447 Broadway, 2nd Floor, #1057, New York, New York 10013. KRON has held itself out in correspondence and commercial documents under the names "Kron Group" and "Kron Global," and markets construction equipment and spare parts under the "KRON" brand.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's contract claim arises under a treaty of the United States, the United Nations Convention on Contracts for the International Sale of Goods (the "CISG").

9. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) because this action is between a citizen or subject of a foreign state and citizens of a State, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10. This Court has supplemental jurisdiction over Plaintiff's remaining claims pursuant to 28 U.S.C. § 1367(a).

11. This Court has personal jurisdiction over KRON pursuant to N.Y. C.P.L.R. §§ 301 and 302(a)(1) because KRON maintains its principal place of business in New York and transacted business in New York in connection with the transactions at issue, from which Plaintiff's claims arise. KRON has itself asserted in correspondence that it is a New York limited liability company, that the funds at issue are held in New York, and that New York is the forum with the most significant connection to the transaction.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because KRON resides in this District and a substantial part of the events giving rise to Plaintiff's claims occurred here.

## FACTUAL ALLEGATIONS

### A. The Agreement and Plaintiff's Payment

13. The parties' dealings, from Plaintiff's initial request for a quotation forward, were conducted in writing by e-mail.

14. In or about July 2024, PARTHENIA ordered from KRON heavy machinery engines manufactured by Komatsu, of Japanese origin, for installation in Komatsu mining equipment (the "Goods"), for delivery within the time fixed by the parties' correspondence and proforma invoices. At the outset, PARTHENIA provided KRON with the technical order information set for the Goods: machine model information, engine catalog numbers, photographs of the engine identification plates, and related machine identifying data.

15. KRON accepted the order, issued proforma invoices totaling approximately $374,250.00, and represented in writing that it would begin processing the order upon receipt of Plaintiff's initial payment (the "Agreement").

16. The Agreement is a contract for the international sale of goods governed by the CISG, to which the United States and the Republic of Turkiye are contracting states.

17. Between in or about July 2024 and December 2024, PARTHENIA paid KRON the full price of approximately $374,250.00 by international wire transfers. KRON received, accepted, and has at all times retained the payment.

18. From in or about July 2024 through December 2024, KRON repeatedly confirmed in writing that the Goods were being prepared for shipment or were in the process of being shipped, including that shipment would proceed from a depot in Japan in accordance with the invoiced timeline. In or about November 2024, at KRON's request for a pre-shipment "double check," PARTHENIA provided the same technical order information set a second time; KRON confirmed receipt in writing and confirmed that everything was proceeding according to plan.

19. PARTHENIA duly performed all of its obligations under the Agreement.

**B. KRON's Refusal to Deliver or Refund**

20. In or about January 2025, when delivery came due, KRON abruptly reversed course. Relying on the very information PARTHENIA had twice provided, KRON asserted for the first time that PARTHENIA had concealed the true destination and end-user of the Goods and that the transaction implicated United States embargo and export control rules. KRON refused to deliver the Goods and refused to refund the payment.

21. In subsequent correspondence, KRON invoked, *inter alia*, 15 C.F.R. § 746.5 and Executive Order 14024, asserting that they prohibited both delivery and refund and that the Goods were destined for the Russian Federation.

22. Upon information and belief, no agency of the United States has made any determination adverse to PARTHENIA, the Goods, or the transaction. Despite repeated demands, KRON has produced no license denial, blocking or rejection report, agency order or finding, and no record of any notification to OFAC or BIS.

23. Despite repeated demands, KRON likewise has produced no manufacturer order acceptance or production records, no bill of lading for shipment from Japan to the United States, no customs entry documentation, and no warehouse or storage records for the Goods, and it has never identified their location or the person in possession of them.

24. The Goods are of Japanese origin and, upon information and belief, are not subject to the Export Administration Regulations. In any event, nothing KRON has cited prohibits the refund of a customer's payment or entitles a seller to retain the price of goods it did not deliver.

25. Upon information and belief, the Goods were never manufactured for, shipped to, or held by KRON for delivery to PARTHENIA, and KRON's invocation of export controls and sanctions was a pretext to conceal its failure to perform and to justify retaining the payment.

26. KRON's screening obligations under its own compliance protocols and applicable export control rules arose before it accepted the order. KRON acknowledged in writing, on or about January 27, 2025, that it does not verify serial numbers before accepting orders because it trusts its clients. KRON accepted the order and the payment, and only when performance came due claimed to discover an obstacle in the same technical order information set it had held from the outset.

27. On or about May 16, 2026, some sixteen months after refusing performance, KRON wrote that its internal compliance review remained incomplete and asked PARTHENIA to arrange an on-site inspection in Turkiye, conceding that it had withheld the Goods and Plaintiff's funds without ever completing the review on which its refusal was premised.

**C. The "Penalty" Demand and KRON's Shifting Justifications**

28. In or about early 2025, KRON demanded in writing that PARTHENIA pay a purported "penalty" equal to approximately two times the total payment, and threatened that nonpayment would result in a report to United States authorities and litigation.

29. KRON has since recharacterized its retention of Plaintiff's payment variously as a penalty, as liquidated damages, as security, and as compensation for a breach by PARTHENIA that KRON has never established. No writing between the parties provides for any such charge, and no statute, regulation, or governmental determination imposes or authorizes one.

30. The demand is an unenforceable private penalty, asserted in bad faith to intimidate PARTHENIA and to extract payment to which KRON has no colorable entitlement.

**D. The Agency Inquiries and KRON's Retreat**

31. Beginning on or about July 30, 2025, and on multiple occasions thereafter through early 2026, PARTHENIA submitted inquiries and notifications concerning KRON's assertions to OFAC and BIS.

32. On or about May 4, 2026, PARTHENIA received confirmation that its submissions had been received.

33. Upon information and belief, after the agencies began their review, KRON ceased repeating its accusations, abandoning the justifications on which it had premised its refusal to deliver or refund.

**E. Plaintiff's Demands and KRON's Continued Refusal**

34. Throughout 2025, PARTHENIA, directly and through counsel, demanded in writing that KRON refund the payment. KRON refused each demand.

35. On or about June 4, 2026, PARTHENIA served upon KRON a final settlement demand requiring, within ten business days, the refund of approximately $374,250.00 with interest, the withdrawal of the "penalty" demand, and the production of the documents KRON claimed supported its position.

36. By correspondence dated on or about June 12, 2026, KRON rejected Plaintiff's assertions, stated that its compliance review remained incomplete, and produced none of the requested documents.

37. The demand period expired on or about June 18, 2026. KRON has refunded nothing, delivered nothing, withdrawn nothing, and produced nothing.

38. Upon information and belief, KRON's corporate records reflect irregularities, including a period during which it transacted business while administratively inactive or not in good standing, and the interchangeable use of the names "Kron Group" and "Kron Global," none of which was disclosed to PARTHENIA.

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

39. PARTHENIA repeats and realleges the foregoing paragraphs as if fully set forth herein.

40. The Agreement is a valid and binding contract governed by the CISG.

41. PARTHENIA fully performed, including by paying the full price of approximately $374,250.00.

42. KRON failed to deliver the Goods within the time fixed by the Agreement, in breach of Articles 30 and 33 of the CISG, depriving PARTHENIA of what it was entitled to expect and constituting a fundamental breach under Article 25.

43. Pursuant to Articles 45, 49, 74, 81(2), and 84(1) of the CISG, PARTHENIA is entitled to declare the Agreement avoided and to restitution of the price, interest from the dates of payment, and damages. In the alternative, PARTHENIA is entitled to cancel and recover the price paid under N.Y. U.C.C. § 2-711(1), with prejudgment interest under N.Y. C.P.L.R. §§ 5001 and 5004.

44. PARTHENIA has been damaged in an amount to be determined at trial, but not less than approximately $374,250.00, together with all applicable fees, interest, costs, and attorneys' fees.

**SECOND CAUSE OF ACTION**
**(Fraud)**

45. PARTHENIA repeats and realleges the foregoing paragraphs as if fully set forth herein.

46. In or about July 2024, KRON represented in writing that it would begin processing the order upon receipt of Plaintiff's initial payment. From in or about July 2024 through December 2024, KRON repeatedly represented in writing that the Goods were being prepared for shipment or were being shipped. In or about September and November 2024, KRON represented in writing that shipment would proceed from a depot in Japan in accordance with the invoiced timeline and that everything was proceeding according to plan. Beginning in or

about January 2025, KRON represented in writing that United States embargo, export control, and sanctions rules prohibited both delivery and refund.

47. Upon information and belief, each representation was false when made: the Goods were not procured for Plaintiff's order, were not being prepared for shipment, and were not shipped, and no restriction prohibited delivery or refund.

48. Upon information and belief, KRON made the representations knowingly, intending that PARTHENIA pay and continue paying the price, await performance, forbear from pursuing the immediate return of its payment, and leave KRON in possession of Plaintiff's funds.

49. PARTHENIA justifiably relied, tendering payments totaling approximately $374,250.00, continuing to await delivery, forbearing from earlier pursuit of its remedies, and expending time and resources answering KRON's assertions and pursuing agency inquiries.

50. PARTHENIA has been damaged in an amount to be determined at trial, but not less than approximately $374,250.00, together with all applicable fees, interest, costs, and attorneys' fees.

**THIRD CAUSE OF ACTION**
**(Conversion)**

51. PARTHENIA repeats and realleges the foregoing paragraphs as if fully set forth herein.

52. PARTHENIA has an immediate and superior right of possession to the specifically identifiable funds of approximately $374,250.00 it wired to KRON as the price of Goods never delivered.

53. PARTHENIA demanded their return. KRON refused and has exercised unauthorized dominion and control over the funds, converting them to its own use.

54. PARTHENIA has been damaged in an amount to be determined at trial, but not less than approximately $374,250.00, together with all applicable fees, interest, costs, and attorneys' fees.

**FOURTH CAUSE OF ACTION**
**(Unjust Enrichment, in the Alternative)**

55. PARTHENIA repeats and realleges the foregoing paragraphs as if fully set forth herein.

56. In the alternative to the First Cause of Action, KRON was enriched at Plaintiff's expense by receiving and retaining approximately $374,250.00 while delivering nothing in return.

57. It is against equity and good conscience to permit KRON to retain the payment.

58. PARTHENIA is entitled to restitution in an amount to be determined at trial, but not less than approximately $374,250.00, together with all applicable fees, interest, costs, and attorneys' fees.

**FIFTH CAUSE OF ACTION**
**(Money Had and Received, in the Alternative)**

59. PARTHENIA repeats and realleges the foregoing paragraphs as if fully set forth herein.

60. In the alternative to the First Cause of Action, KRON received approximately $374,250.00 belonging to PARTHENIA, benefited from it, and in equity and good conscience should not be permitted to keep it.

61. PARTHENIA is entitled to recover an amount to be determined at trial, but not less than approximately $374,250.00, together with all applicable fees, interest, costs, and attorneys' fees.

**SIXTH CAUSE OF ACTION**
**(Declaratory Judgment)**

62. PARTHENIA repeats and realleges the foregoing paragraphs as if fully set forth herein.

63. An actual and justiciable controversy exists concerning KRON's demand, never withdrawn, that PARTHENIA pay a purported "penalty" equal to approximately two times the

total payment, and KRON's asserted entitlement to retain Plaintiff's payment as a penalty, liquidated damages, security, or compensation.

64. No agreement, statute, regulation, or governmental determination imposes or authorizes any such charge or retention, and any such private penalty is unenforceable in any event.

65. Pursuant to 28 U.S.C. §§ 2201 and 2202, PARTHENIA is entitled to a judgment declaring that it owes KRON no penalty or other charge, and that the authorities KRON has invoked neither excuse its obligation to refund the payment nor authorize its retention.

66. PARTHENIA reserves all rights and remedies available to it at law, in equity, and under the CISG, including prejudgment and postjudgment interest and all applicable fees, costs, and attorneys' fees, to the fullest extent permitted by law.

WHEREFORE, Plaintiff PARTHENIA DIS TICARET LIMITED SIRKETI respectfully requests that this Court enter judgment in its favor and against Defendant KRON GROUP LLC on each cause of action, awarding damages and restitution in an amount to be determined at trial but not less than approximately $374,250.00, together with all applicable fees, interest, costs, and attorneys' fees, and declaring that Plaintiff owes Defendant no penalty or other charge. Plaintiff further requests such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated: New York, New York
August 12, 2026

Respectfully submitted,

BUSRA CUNDIOGLU, PLLC
580 Fifth Avenue, Suite 820
New York, NY 10036
Tel: (914) 863-8825
Fax: (212) 279-9661
busra@cundioglupllc.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x

PARTHENIA DIS TICARET LIMITED SIRKETI,

Plaintiff,

-against-

KRON GROUP LLC, also known as KRON GLOBAL LLC,

Defendant.

-----------------------------------------------------------------x

Case No. 1:26-cv-__________

**VERIFICATION**

MURAT MERCAN, pursuant to 28 U.S.C. § 1746, declares the following to be true under penalty of perjury, and not under oath or before a notary:

1. I am the Managing Director of Plaintiff PARTHENIA DIS TICARET LIMITED SIRKETI ("PARTHENIA"), the Plaintiff in this action, and I am authorized to make this verification on its behalf.

2. I have read the foregoing Complaint and know the contents thereof. The contents of the Complaint are true to my own knowledge, except as to the matters therein alleged upon information and belief, and as to those matters I believe them to be true.

3. The grounds of my knowledge and belief are my personal participation in the transactions described in the Complaint, the books and records of PARTHENIA, and the parties' written correspondence, all of which are maintained by PARTHENIA in the ordinary course of its business.

4. I personally conducted PARTHENIA's correspondence with KRON, submitted PARTHENIA's inquiries to the Office of Foreign Assets Control and the Bureau of Industry and Security, and received the confirmation of receipt referred to in the Complaint. KRON has not provided PARTHENIA with any of the documents requested of it.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. This declaration is made pursuant to 28 U.S.C. § 1746(1) and requires no oath, affidavit, notarization, or other formal certification.

Executed on August 12, 2026.

______________________________
MURAT MERCAN
Managing Director
PARTHENIA DIS TICARET LIMITED SIRKETI

PARTHE
DIŞ TİC. LTD. ŞTİ.
İvedikköy Mah. 1492. Cad. No: 17 B
İç Kapı No: 35 / 62 Yenimahalle / ANKARA
İvedik V.D. 722 118 2777