**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X

PARTHENIA DIS TICARET LIMITED SIRKETI,

Plaintiff,

Civil Case No: 1:26-cv-06962-AKH

- against -

KRON GROUP LLC, also known as KRON GLOBAL LLC,

Defendant.

---------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

## PRELIMINARY STATEMENT

Plaintiff PARTHENIA DIS TICARET LIMITED SIRKETI ("PARTHENIA" or "Plaintiff") paid Defendant KRON GROUP LLC, also known as KRON GLOBAL LLC ("KRON" or "Defendant"), $374,250.00 for two Komatsu engines and five hoses. KRON delivered none of them and returned none of the price. The issued summons and operative Complaint were served on KRON's authorized registered agent on August 24, 2026. KRON failed to respond, and the Clerk entered its default on October 5, 2026. Plaintiff seeks restitution under the CISG, interest, documented costs, and a limited declaration resolving KRON's asserted private penalty. The invoices and bank confirmations, together with the signed declaration of MURAT MERCAN, establish the principal without reliance on disputed settlement proposals. Plaintiff requests a single recovery, not cumulative damages under overlapping theories.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

PARTHENIA is a Turkish company conducting business in Ankara. KRON is a Wyoming limited liability company that designated a New York principal office and mailing address and represented in its commercial correspondence that New York was its principal place of business.

(Compl. ¶¶ 6-7, 11; CUNDIOGLU Decl. ¶¶ 4-5 & **EXHIBIT 1**; MERCAN Decl. ¶ 6 & **EXHIBIT 7** (June 27, 2025 letter).) The formation records correct the Complaint's information-and-belief description of KRON's state of formation; no new defendant is added.

KRON issued invoices for $185,000.00, $183,000.00, and $6,250.00. PARTHENIA paid the entire $374,250.00 through seventeen transfers between August 2 and December 6, 2024. Each confirmation identifies KRON GROUP LLC as beneficiary. (MERCAN Decl. ¶¶ 3-5 & **EXHIBITS 5 and 6**; English translations, **EXHIBIT 8**.) The invoices provide shipment-readiness periods of 120 days and 90 days after the specified fifty-percent engine prepayments, and 90 days after full payment for the hoses. Those periods had all elapsed by March 2025. (**EXHIBIT 5**.) PARTHENIA received none of the goods and no refund, credit, or agreed offset. (MERCAN Decl. ¶ 7.)

The Complaint alleges that KRON accepted PARTHENIA's technical information and payments, repeatedly represented that shipment was proceeding, and then refused delivery and refund while asserting export-control and sanctions concerns and a purported penalty. (Compl. ¶¶ 13-30.) PARTHENIA's prior counsel demanded a full refund on June 17, 2025. KRON refused. (MERCAN Decl. ¶ 6 & **EXHIBIT 7**.) Plaintiff filed this action on August 14, 2026, re-filed the operative Complaint on August 18, 2026, and served the issued summons and Complaint on August 24, 2026. KRON's response was due September 14, 2026; it did not respond by that date or within the courtesy allowance through September 21, 2026. The Clerk entered default on October 5, 2026. (CUNDIOGLU Decl. ¶¶ 2, 6-9; ECF Nos. 5-11; **EXHIBITS 2 and 3**.)

## ARGUMENT

### I. THE RECORD SUPPORTS DEFAULT JUDGMENT UNDER RULE 55

Rule 55 requires the Clerk's entry of default followed by an application for judgment. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). A default admits the well-pleaded factual allegations concerning liability, but does not establish legal conclusions or the amount of damages. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009); *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). The Court must determine whether the admitted facts state a claim and whether damages are established with reasonable certainty. *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). Detailed declarations and documentary evidence can establish damages without a hearing. *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989).

The Clerk has entered KRON's default. Notice is established by the filed affidavit of service and the registered-agent documents.

The submitted papers satisfy Local Civil Rule 55.2(a) and (c): an entered default; a declaration explaining why the Servicemembers Civil Relief Act and the minor and incompetency protections do not apply to this limited liability company; declarations supporting the debt and costs; a statement of damages sworn to by persons with personal knowledge; this memorandum; a proposed default judgment; and a certificate of service reflecting the mailing of all supporting papers to KRON's last known business address and its registered agent. KRON's charter, the agent's consent, and the affidavit of service are included to satisfy Rule 2.I of the Court's Individual Rules, and **EXHIBIT 9** supplies the filed operative pleading and issued summons under ECF Rule 16.2(b)(1).

## II. THE COURT HAS SUBJECT MATTER AND PERSONAL JURISDICTION

Subject-matter jurisdiction rests on 28 U.S.C. § 1331. The First Cause of Action expressly arises under the CISG, a treaty governing commercial sales between parties whose places of business are in different Contracting States. CISG art. 1(1)(a); Compl. ¶¶ 6-8, 16, 39-43. The United States and Turkiye are Contracting States. *See* UNCITRAL, CISG Status Table. Such a claim presents a federal question. *Asante Techs., Inc. v. PMC-Sierra, Inc.*, 164 F. Supp. 2d 1142, 1151-52 (N.D. Cal. 2001). The remaining claims concern the same transaction and fall within supplemental jurisdiction under 28 U.S.C. § 1367(a). Plaintiff does not ask the Court to infer the citizenship of a limited liability company from its formation or office location, and does not rely on an alternative diversity theory.

The Court should also determine that personal jurisdiction exists before entering judgment. *See Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010). Fed. R. Civ. P. 4(k)(1)(A) permits jurisdiction over a defendant subject to the jurisdiction of the forum state's courts. The Complaint alleges that KRON maintained its principal place of business in New York, transacted the business at issue there, and represented that the funds were held there and that New York had the most significant connection to the transaction. (Compl. ¶ 11.) The Wyoming records designate the New York address as KRON's principal office. KRON's own June 27, 2025 letter expressly characterizes New York as its principal place of business and the center of this contract. (**EXHIBITS 1 and 7**.)

These pleaded transaction-specific New York contacts support jurisdiction under CPLR § 302(a)(1), and KRON's own identification of its New York principal place of business supports the conclusion that it is at home there. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). The claims arise directly from the commercial transaction KRON conducted from that New York business base. Exercising jurisdiction on that record is consistent with due process. Service was

separately accomplished under Fed. R. Civ. P. 4(h)(1)(B) by delivery to KRON's authorized registered agent in Wyoming. (CUNDIOGLU Decl. ¶¶ 4-6 & **EXHIBITS 1 and 2**.)

Plaintiff does not construe the invoices' reference to the jurisdiction of the courts of the State of New York as an express selection of a federal court. The clause specifies jurisdiction without stating that it is exclusive or that suit may be brought only in state court, and a jurisdictional clause is not ordinarily exclusive without additional exclusionary language. *See John Boutari & Son, Wines & Spirits, S.A. v. Attiki Importers & Distributors Inc.*, 22 F.3d 51, 52-53 (2d Cir. 1994).

## III. THE CISG ENTITLES PLAINTIFF TO RESTITUTION OF THE PRICE

The invoices concern industrial engines and parts, not consumer goods. The parties' places of business are in different Contracting States, and no invoice expressly excludes the CISG. A general choice of New York law does not, by itself, exclude the Convention under Article 6. *See BP Oil Int'l, Ltd. v. Empresa Estatal Petroleos de Ecuador*, 332 F.3d 333, 337 (5th Cir. 2003). Analogous Uniform Commercial Code authority may inform the analysis where consistent with the Convention, but it does not replace the Convention's text. *Delchi Carrier SpA v. Rotorex Corp.*, 71 F.3d 1024, 1027-28 (2d Cir. 1995).

Articles 30 and 33 required KRON to deliver the goods within the agreed time. The Complaint alleges complete payment and a total failure to deliver, substantially depriving PARTHENIA of the benefit of its bargain. (Compl. ¶¶ 15-20, 40-43.) The invoices, payment confirmations, and signed MERCAN declaration establish those same core facts. Complete non-delivery after the contractual periods had expired constitutes a fundamental breach under Article 25 and permits avoidance under Article 49(1)(a).

Article 26 requires notice of avoidance. On June 17, 2025, after the shipment-readiness periods had expired, PARTHENIA demanded return of the full price through its counsel. (MERCAN Decl. ¶ 6 & **EXHIBIT 7** (June 17, 2025 demand).) A demand for the entire price, in response to total non-delivery, communicated that PARTHENIA no longer elected performance and sought to unwind the transaction. The Complaint, which was served on KRON, expressly invokes avoidance and restitution under Articles 49 and 81(2). (Compl. ¶ 43.) This motion confirms that election. No return of goods is required because PARTHENIA received none. (MERCAN Decl. ¶ 7.)

Article 81(2) entitles a party that has performed to restitution upon avoidance. Plaintiff accordingly seeks only the price actually paid, $374,250.00, plus interest and costs. If the Court concludes that the CISG does not govern, the Complaint alternatively pleads cancellation and recovery of the price under N.Y. U.C.C. § 2-711(1). (Compl. ¶ 43.) The restitution theories are alternative grounds for the same recovery; Plaintiff does not seek unjust enrichment in addition to an enforceable contractual recovery, or an additional award under fraud or conversion.

## IV. THE PRE-SUIT SANCTIONS ASSERTIONS DO NOT ESTABLISH A RIGHT TO FORFEIT THE PRICE

The invoices require export and sanctions compliance and provide for termination if KRON determines in good faith that the customer acted contrary to those obligations. They contain no term imposing the alleged double-price penalty or forfeiting every payment upon termination. (**EXHIBIT 5**.) The Complaint alleges that KRON produced no agency determination, blocking report, license denial, or order authorizing retention. (Compl. ¶¶ 21-30, 63-65.) Those are factual allegations supporting the requested relief; Plaintiff does not ask the Court to deem admitted a legal conclusion that all export controls are inapplicable merely because the goods are of Japanese origin.

Even an impediment excusing damages under CISG Article 79 does not, under Article 79(5), eliminate the other party's remedies, including avoidance and restitution under Article 81. A contractual termination provision therefore does not itself establish a right to keep the entire price. Plaintiff does not contend that the CISG overrides an actual governmental blocking order or authorizes a prohibited transfer, and no such order or independently applicable prohibition on repayment appears in the record. The requested judgment determines the parties' private contractual rights; it does not bind OFAC, BIS, or any other governmental agency.

**EXHIBIT 7** is submitted in full context to show the refund demand, KRON's asserted contractual position, and the continuing controversy over its penalty demand. Some passages discuss proposed settlement and inspection. Plaintiff does not rely on any offer to compromise or statement made in compromise negotiations to prove liability or the amount of the debt. *See* Fed. R. Evid. 408. The payment and non-delivery findings requested here are independently supported by the invoices, the seventeen bank confirmations, the signed MERCAN declaration, and the well-pleaded facts, and the Court can disregard any passage subject to Rule 408 without changing the requested principal.

## V. <u>LIMITED DECLARATORY RELIEF WILL RESOLVE THE PRIVATE PENALTY DISPUTE</u>

An actual controversy is alleged concerning KRON's unwithdrawn demand for a penalty and its claim to retain the price as a forfeiture or penalty. (Compl. ¶¶ 28-30, 63-65.) The invoices contain no agreed penalty provision. The Court can resolve that private dispute under 28 U.S.C. § 2201 without ruling on hypothetical sanctions enforcement. Plaintiff requests the following declaration: as between Plaintiff and Defendant, Plaintiff owes Defendant no contractual penalty arising from the transactions alleged in the Complaint, and Defendant has no contractual right to forfeit or retain Plaintiff's $374,250.00 payment as a private penalty. This relief is narrower than,

and within, the declaration requested in paragraph 65 and the prayer for relief of the Complaint. It does not adjudicate any governmental enforcement right or approve any otherwise prohibited transaction.

## VI. PRINCIPAL, INTEREST, AND COSTS ARE ESTABLISHED WITH REASONABLE CERTAINTY

The seventeen confirmations and MERCAN Decl. ¶¶ 4-8 establish principal of $374,250.00 and the absence of any refund or credit. That sum does not exceed the amount demanded in the Complaint. Fed. R. Civ. P. 54(c). The signed MERCAN declaration supplies personal knowledge, the Statement of Damages supplies the arithmetic and is sworn to by persons with personal knowledge, and the translations in **EXHIBIT 8** render the Turkish confirmations in English. No estimate, lost-profit model, or additional tort damages are requested.

CISG Article 84(1) provides for interest on a refunded price from the date it was paid. The Convention does not fix the rate, and courts have selected different rates, including New York's nine-percent rate and federal benchmarks. *See Busrel Inc. v. Dotton*, No. 20-CV-1767, 2022 WL 16559446, at *10-11 (W.D.N.Y. Nov. 1, 2022) (noting the varied approaches and applying New York's nine-percent rate to a CISG claim); *Shantou Real Lingerie Mfg. Co. v. Native Grp. Int'l, Ltd.*, No. 14-CV-10246 (FM), 2016 WL 4532911, at *4-5 (S.D.N.Y. Aug. 23, 2016) (declining to apply New York's nine-percent rate and selecting the rate under 26 U.S.C. § 6621(a)(2)). Plaintiff acknowledges that New York's rate is not automatically controlling on its treaty claim.

Plaintiff requests nine percent as an appropriate compensatory rate in light of the parties' New York choice-of-law provision, KRON's New York business connection, and its continued retention of the entire payment after total non-delivery. CPLR § 5004(a) supplies that established New York benchmark. Plaintiff asks the Court to exercise its discretion to adopt it, or to award interest at such other rate as the Court finds appropriate. If recovery instead rests on the pleaded

New York contract theory, CPLR §§ 5001 and 5004 supply the corresponding state-law basis, subject to the proper accrual date for that theory.

The Statement of Damages calculates interest separately by payment date through October 26, 2026, yielding $65,618.21. Additional interest at the requested rate is $92.28 per day from October 27, 2026, until entry of judgment. Costs of $655.00 consist only of the $405.00 filing fee and the $250.00 paid service fee. Fed. R. Civ. P. 54(d)(1); 28 U.S.C. § 1920; Local Civil Rule 54.1(c)(10); CUNDIOGLU Decl. ¶ 11 & **EXHIBIT 4**. Post-judgment interest is requested on the total money judgment at the rate and with the computation and compounding prescribed by 28 U.S.C. § 1961.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion and enter the proposed default judgment against KRON on the First Cause of Action for $374,250.00, prejudgment interest of $65,618.21 through October 26, 2026, plus $92.28 per day thereafter (or interest at such other rate as the Court selects), costs of $655.00, and post-judgment interest under 28 U.S.C. § 1961, together with the limited declaration requested on the Sixth Cause of Action, without any additional recovery under the Second through Fifth Causes of Action. Plaintiff further requests such other and further relief as the Court deems just and proper.

**Dated:** October 26, 2026
New York, New York

/s/ BUSRA CUNDIOGLU, Esq. //
BUSRA CUNDIOGLU, PLLC
580 Fifth Avenue, Suite 820
New York, NY 10036
Tel: (914) 863-8825
Fax: (212) 479-9661
busra@cundioglupllc.com
*Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Civil Rule 7.1(c), the undersigned certifies that the foregoing memorandum of law contains 2,465 words, excluding the caption, signature block, and this certificate, as counted by the word-processing program used to prepare it, and complies with the 8,750-word limit of Local Civil Rule 7.1(c).

**Dated:** October 26, 2026
New York, New York

/s/ BUSRA CUNDIOGLU, Esq. //
BUSRA CUNDIOGLU, PLLC
580 Fifth Avenue, Suite 820
New York, NY 10036
Tel: (914) 863-8825
Fax: (212) 479-9661
busra@cundioglupllc.com
*Attorneys for Plaintiff*